FILED

NOV 2 8 2011

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS HERALDEZ-MARTINEZ,<br><br>                    Petitioner,<br><br>vs.<br><br>FERNANDO A. ARRIOLA, Warden, et al.,<br><br>                    Respondents. | CASE NO. 11-CV-1004 BEN (JMA)<br><br>**ORDER:**<br><br>**(1) PARTIALLY TRANSFERRING CASE TO THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT AS A PETITION FOR REVIEW**<br><br>**(2) PARTIALLY DENYING PETITION** |

Presently before the Court is Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. To the extent that Petitioner challenges the lawfulness of his detention and requests a declaratory judgment that he is a United States citizen, the Petition is **DENIED**. To the extent that Petitioner challenges his past removal orders, this action is **TRANSFERRED** to the Ninth Circuit.

## BACKGROUND

Petitioner first came to the United States around 1977. (Return, Exh. B, at 34.) Petitioner's aliases include: Rafael Soto-Majorado, Estevan Herrera Holguin, Jesse Leon Martinez Gonzalez, Jesus Leon Gonzalez, and Alberto Martinez Herrera. (*Id.*, Exh. A, at 11-13.) Petitioner has periodically made claims of U.S. citizenship under these different aliases, and provided false documentation of citizenship. (*Id.*, Exh. B, at 34; Exh. C, at 39; Exh. H, at 69; Exh. P, at 111-12.) Petitioner has also conceded that he was born in Mexico on several occasions. (*Id.*, Exh. B, at 34; Exh. C, at 39.)

Petitioner has been removed from the United States at least ten times. Petitioner has been

11cv1004

ordered removed by an Immigration Judge ("IJ") on July 26, 1994; April 10, 1997; October 2, 1998; and April 7, 2005. (*Id.*, Exh. E, at 53; Exh. F, at 59; Exh. H, at 75; Exh. N, at 105.) In addition, Petitioner has been removed by Immigration and Customs Enforcement ("ICE") on August 24, 1977; July 6, 1978; September 9, 1998; December 9, 2003; April 28, 2005; and May 29, 2007. (*Id.*, Exh. C, at 38-44; Exh. D, at 45-50; Exh. G, at 63-66; Exh. K, at 92-96; Exh. O, at 108; Exh. S, at 136-46.)

Petitioner has several state and federal felony and misdemeanor convictions. For instance, Petitioner was convicted of second degree robbery in 1977, second degree burglary in 1977, second degree burglary in 1986, possession of a controlled substance in 1988, taking a vehicle without consent in 1989, grand theft in 1992, and possession of a controlled substance in 1995. (*Id.*, Exh. A, at 17-18, 20, 26-27, 29-31.)

In 2001, Petitioner was found in a county jail in Colorado. (*Id.*, Exh. I, at 80.) Petitioner was charged with unlawfully re-entering the United States subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a)-(b). (*Id.* at 78-82.) Petitioner was convicted as charged, and sentenced to time served and three years supervised release. (*Id.* at 82-84.) Upon completing his sentence, Petitioner was transferred to ICE custody and removed to Mexico. (*Id.*, Exh. K.)

On May 27, 2004, Petitioner, using an alias, applied for admission to the United States and claimed lawful permanent resident status. (*Id.*, Exh. L, at 98.) ICE referred Petitioner for prosecution to the USAO in San Diego, California, after discovering that Petitioner had been previously ordered removed by an IJ. (*Id.*) Petitioner was charged with attempted entry after deportation under 8 U.S.C. § 1326, but was acquitted by jury and released to ICE custody. (*Id.*, Exh. M, at 99-101.) ICE initiated removal proceedings against Petitioner. (*Id.*, Exh. N, at 103-04.) On April 7, 2005, the IJ found Petitioner removable as charged and ordered him removed to Mexico. (*Id.* at 105.) Petitioner was removed to Mexico on the same day. (*Id.* at 106.)

On May 6, 2005, Petitioner, using another alias, applied for admission to the United States and declared he was a United States citizen. (*Id.*, Exh. P, at 111-12.) After discovering that Petitioner was a native and citizen of Mexico and had been ordered removed from the United States several times, ICE referred Petitioner for prosecution. (*Id.*) Petitioner was charged with making a false statement to a federal officer in violation of 18 U.S.C. § 1001. (*Id.*, Exh. Q, at 114-16.) On January 5, 2006,

1   Petitioner was convicted by jury and sentenced to 27 months in custody and three years supervised

2   release. (*Id.* at 115; Exh. R, at 135.) After the completion of his sentence, Petitioner was transferred

3   to ICE custody. (*Id.*, Exh. S, at 137-43.) On May 21, 2007, ICE reinstated Petitioner's April 7, 2005

4   removal order and removed him to Mexico on May 29, 2007. (*Id.* at 144-46.)

5          On April 11, 2011, Petitioner was detained by Border Patrol agents near Imperial Beach,

6   California. (*Id.*, Exh. T, at 152.) ICE referred Petitioner for prosecution to the USAO in San Diego,

7   California, after discovering Petitioner's immigration history. (*See id.*, Exhs. T-U.) Petitioner was

8   charged with violating 8 U.S.C. § 1326 and paroled into federal custody at the Metropolitan

9   Correctional Center ("MCC") pending completion of his criminal proceedings. (*Id.*) On May 11,

10  2011, his criminal proceedings were dismissed. (*Id.*, Exh. T, at 150.) The next day, Petitioner was

11  released from MCC custody and returned to ICE custody pursuant to an immigration detainer. (*Id.*,

12  Klein Decl. ¶ 2.) On May 13, 2011, ICE initiated removal proceedings against Petitioner by issuing

13  a NTA that charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who has not

14  been admitted or paroled. (*Id.*, Exh. V, at 157-60.) In addition, ICE released Petitioner from custody

15  on his own recognizance on May 13, 2011. (*Id.* at 161; Exh. W, at 164-67.)

16         Petitioner filed the present Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on May

17  6, 2011. (Docket No. 1.) On June 17, 2011, Respondent filed a Return in opposition to the Petition.

18  (Docket No. 7.) Petitioner filed a Traverse on July 18, 2011. (Docket No. 8.)

19                                          **DISCUSSION**

20         Petitioner (1) challenges the lawfulness of his detention, (2) challenges his past removals from

21  the United States, and (3) requests a declaratory judgment that he is a United States citizen. Each of

22  these issues will be addressed in turn.

23  **I.     CHALLENGE TO LAWFULNESS OF DETENTION**

24         Petitioner alleges that his right to due process under the Fifth and Fourteenth Amendment has

25  been violated because "[Petitioner] has been in the custody of the I.N.S. and its successor the

26  Defendant, Bureau of Immigration and Customs Enforcement (ICE) continuously since 2005 by

27  physical custody and/or illegal deportation to Mexico." (Petition at 6.)

28         Respondents have released Petitioner from custody under an order of release on recognizance.

1 │ (Return, Gross Decl. ¶ 4; Exhs. V-W.) Petitioner's challenge to the lawfulness of his detention is moot

2 │ because there is no effective relief that can be granted. Accordingly, the Court lacks subject matter

3 │ jurisdiction over the claim because there is no live case or controversy remaining. *See Deakins v.*

4 │ *Monaghan*, 484 U.S. 193, 199 (1988); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548-49 (9th Cir.

5 │ 1998); *Abdala v. INS*, 488 F.3d 1061, 1064-65 (9th Cir. 2007) (release on an order of supervision is

6 │ an example of when a habeas petition claiming indefinite detention is moot).

7 │ **II.   CHALLENGE TO PAST REMOVALS FROM THE UNITED STATES**

8 │ Petitioner alleges that Respondents violated the Petitioner's right to due process of law under

9 │ the Fifth and Fourteenth Amendments because (1) Petitioner was wrongly removed to Mexico after

10 │ being acquitted by a jury of illegal re-entry under 8 U.S.C. § 1326 in 2005, and (2) the IJ wrongfully

11 │ ordered that Petitioner be deported after Petitioner informed the IJ that he was acquitted by a jury of

12 │ illegal re-entry under 8 U.S.C. § 1326.

13 │ Judicial review of removal orders is governed by 8 U.S.C. § 1252, as amended by the REAL

14 │ ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005). Under the REAL ID Act, any challenge to

15 │ Petitioner's removal order must be directed to the applicable court of appeals:

16 │

17 │ Notwithstanding any other provision of law (statutory or nonstatutory), including
   │ section 2241 of Title 28, . . . *a petition for review filed with an appropriate court of*
18 │ *appeals in accordance with this section shall be the sole and exclusive means for*
   │ *judicial review of an order of removal* entered or issued under any provision of this
19 │ chapter, except as provided in subsection (e) of this section. For purposes of this
   │ chapter, in every provision that limits or eliminates judicial review or jurisdiction to
20 │ review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus
   │ review pursuant to section 2241 of Title 28.

21 │
22 │ 8 U.S.C. § 1252(a)(5) (emphasis added). Petitioner, therefore, may not challenge his removal order

23 │ in this Court. However, the REAL ID Act also requires district courts to transfer all habeas petitions

   │ brought by aliens that were pending before the district court on the effective date of the REAL ID Act
24 │
   │ (May 11, 2005) to the appropriate circuit court. Pub. L. No. 109-13, 119 Stat. 231, § 106(a); *see also*
25 │
   │ *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052-53 (9th Cir. 2005). To the extent that Petitioner
26 │
   │ challenges his past removal orders, this action is **TRANSFERRED** to the Ninth Circuit.
27 │

28 │

III.    **REQUEST FOR DECLARATORY JUDGMENT THAT PETITIONER IS A UNITED STATES CITIZEN**

Petitioner requests a declaratory judgment that he is a citizen of the United States by birth. A person may not institute an action for declaratory judgment of United States citizenship if the issue of the person's status as a citizen or national of the United States "(1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding." 8 U.S.C. § 1503(a); *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 (5th Cir. 2007) ("[A] purported citizen may not initiate or begin a declaratory judgment action to establish his citizenship if it is already being litigated in a removal proceeding."). Although a petitioner may obtain habeas review of a non-frivolous citizenship claim where removal proceedings are ongoing and the petitioner is in custody under *Flores-Torres v. Mukasey*, *Flores-Torres* applies only to petitioners who are currently detained. *Flores-Torres v. Mukasey*, 548 F.3d 708, 711-13 (9th Cir. 2008); *Sandoval-Vela v. Napolitano*, No. 10-cv-0059-IEG (RBB), 2010 WL 431449, at *7 n.4 (S.D. Cal. Jan. 29, 2010).

Here, Petitioner's citizenship claim arose out of his current removal proceedings, wherein the IJ will decide the issue of his citizenship. Petitioner also raised the issue of his citizenship to the IJ in his prior removal proceedings, and the IJ denied his claim on April 7, 2005. (Petition at 4.) In addition, Petitioner has been released from custody on an Order of Release on Recognizance. (Return, Exhs. V-W.) Accordingly, the Court lacks jurisdiction to issue a declaratory judgment regarding Petitioner's citizenship.

**CONCLUSION**

To the extent that Petitioner challenges the lawfulness of his detention and requests a declaratory judgment that he is a United States citizen, the Petition is **DENIED**. To the extent that Petitioner challenges his past removal orders, this action is **TRANSFERRED** to the Ninth Circuit.

**IT IS SO ORDERED.**

DATED: November 28, 2011

HON. ROGER T. BENITEZ
United States District Court Judge

- 5 -

11cv1004